Yaroslav Lepetyuk

channel manager OpeN YouR EyeS (respondent)

entrance Sosnovy 27

62303, Dergachi city

Ukraine

vsegdalegkoiprosto@gmail.com

_____

Matthew L. Rollin (SBN 332631) SRIPLAW,

P.A. 8730 Wilshire Boulevard Suite 350 Beverly Hills,

California 90211

Telephone 323.452.5600

Facsimile 561.404.4353

Matthew.rollin@sriplaw.com

Counsel for VIRAL DRM LLC, Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

CASE No: 3:24-CV-00746-JSC

DEFENDANT'S REPLY TO PLAINTIFF'S COMPLAINT VIRAL DRM LLC

<u>TO THE HONORABLE COURT,ALL PARTIES,AND THEIR RESPECTIVE COUNSEL OF RECORD</u>

On June 11, 2024, the defendant received a summons from Viral DRM in the case of Viral DRM LLC v Lepetyuk, Ysroslav (OpenYourEyes) case No.: 3:24-CV-00746-JSC.
Having reviewed the materials from Viral DRM and the plaintiff's accusations, the defendant, represented by the channel manager, does not agree with the complaint and believes that there were no violations on the part of the OpeN YouR EyeS channel, which the plaintiff claims based on the following.
Viral DRM declares to the court that their works (video materials) were stolen from them, which were published on the platform Youtube, Facebook, YouTube Live Storms Media on the topic of natural disasters.
The plaintiff believes that the defendant copied and downloaded the plaintiff's copyrighted works from the YouTube platform, before doing so, edited them by removing the plaintiff's copyright management information, the plaintiff's own watermarks and metadata, and after

editing the pirated videos, combined the plaintiff's video with other video content, which the defendant according to the plaintiff, he created it himself and then re-uploaded the resulting video to his channel OpeN YouR EyeS.

This argument has no evidence, is contrived by the plaintiff and has doubts about the veracity of the information presented. The plaintiff's allegations that his work was stolen by the defendant from the platform Youtube, Facebook, YouTube Live Storms Media are just speculations that have no evidence.

There are a large number of social networks on the Internet such as Twitter (X), WhatsApp, Instagram, TikTok and the like where any person (user) can download any video from any platform, including from platforms such as Youtube, Facebook, YouTube Live Storms Media, pre-edit the video, leaving only the fragment that was downloaded by them, remove data about the author, watermarks, metadata without indicating information about who originally owned the video, which makes it impossible to identify the original author and determine the existence of copyright.

The defendant uses video fragments from various sources for his works, including from social networks, but always checks for copyright in all available ways in order to avoid controversial and conflict situations.

Fragments of the video are used as illustrative and visual material for various events that could occur at different times and in different places on the planet. The defendant's finished videos have an original soundtrack with a speaker who voices the article for the video, subtitles, musical accompaniment and an author's preview.

The "OpeN YouR EyeS" channel and all of the defendant's works were created for the purpose of news, educational and educational content about the climate problems of the planet.

There is well-established legal precedent, as evidenced by the case of Hustler Magazine v. Falwell, 485 US 46 (1988), which held that the First Amendment protects the use of copyrighted material for news reporting and commentary purposes. Also, Case 3:23-cv-05594-JSC. Document 19. Filed 12/19/23. Page 3 of 5. The Supreme Court ruled in Harper & Row Publishers, Inc. v. Nation Enterprises, 471 US 539 (1985), that the fair use doctrine does not apply only to non-commercial or educational uses of copyrighted materials. The court noted that commercial use of copyrighted material may also be considered fair use under certain circumstances, such as when the use is transformative or serves a purpose other than the original work.

All materials are properly prepared in accordance with the rules and requirements of the YouTube platform, which are created in accordance with current US law.

So in accordance with Art. 107 Title 17 of the US Code and the Copyright Act of 1976, fair use is permitted without permission of the copyright owner as long as it furthers "the progress of science and useful arts." At the same time, the rules of the YouTube platform are https://support.google.com/youtube/answer/9783148?hl=en#:~:text=Fair%20use%20is%20a%20legal,are%20infringing%20under%20copyright%20law. Fair use of someone else's copyrighted content without permission from the copyright owner for the purpose of commentary, research, teaching, or news reporting may be considered fair use.

These rules also indicate that in the United States, the court decides what constitutes fair use. There are four fair use factors that apply to each case:

1. How and for what the materials are used: commercial or non-commercial use
2. What is the essence of the copyrighted work?
3. What is the proportion and significance of the fragment used relative to the entire copyrighted work?
4. What are the implications in terms of future sales and value of protected content.

In order to give a correct, objective and independent assessment of the controversial content, it is necessary to examine the 3 controversial videos of the defendant, taking into account the four factors of fair use, and only after that can a conclusion be made about the presence or absence of copyright violations.

At the same time, YouTube operates a ContentID system https://support.google.com/youtube/answer/2797370?hl=en which, when uploading a video to YouTube, checks for copyright violations. Copyright owners use Content ID, YouTube's automated content identification system, to easily identify and manage their copyrighted content on YouTube.

Videos uploaded to YouTube are scanned against a database of audio and visual content submitted to YouTube by copyright owners. When Content ID finds a match, it applies the Content ID claim to the corresponding video. A Content ID claim results in one of the following actions, depending on the copyright holder's Content ID settings:

• Blocks video viewing
• Monetizes videos by running ads on them and sometimes sharing revenue with the uploader
• Tracks video view statistics

YouTube only provides Content ID to copyright owners who meet certain criteria. To get approval, they must have exclusive rights to a significant portion of the original material, which is often uploaded to YouTube.

YouTube also sets clear guidelines for using Content ID. Copyright owners who repeatedly submit erroneous claims may have their Content ID access revoked and their partnership with YouTub terminated.

Thus, by uploading a video with a possible copyright infringement, the defendant is informed whether there is a copyright violation or not, but as stated above, if the author (plaintiff) has access to the Content ID and uses it correctly.

If there are violations, the published material is not monetized and no income from views or advertising can be generated.

ViralDRM in its complaint has claims against several defendants at once, calling all of them scammers, thieves, counterfeiters, media pirates, while it itself may not have taken sufficient action to prevent the misuse of its works on Youtube, in the event that for some reason or non-compliance with the requirements ViralDRM platforms do not have a ContentID system.

In total, the OpeN YouR EyeS channel received 3 complaints from the plaintiff:
• on a video 06:06 minutes long in which there is a fragment of the plaintiff 13 long seconds;
• on a video 02:00 minutes long in which the plaintiff's fragment takes 5 seconds;
• and on a video 01:15 minutes long in which a fragment of the plaintiff is 5 seconds long.

For each video, a counter-notification was sent with genuine contact information, an explanation of its position regarding possible violations or a possible error on the Youtube platform that led to the removal of 3 videos.

After which the plaintiff, after a while, filed a lawsuit, and also groundlessly misled the respected court about the fact that the defendants are fraudsters who falsified their data, living in countries with weak copyright protection and weak legal regimes. They may be hiding from justice and hiding or transferring some fantastic, in the plaintiff's opinion, income and assets. As a result, by court order, the Adsense channel "OpeN YouR EyeS" was blocked.

The accusations against the defendant are offensive and unacceptable, and are not supported by objective evidence. Moreover, this led to negative consequences causing all sorts of damage, including in the development of the activities of the "OpeN YouR EyeS" channel, which during its existence since April 15, 2018 did not have any problems related to copyright violations or anything like that.

The "OpeN YouR EyeS" channel as of December 21, 2023 has only 59,475 subscribers, and not, as the plaintiff claims, over 100,000 subscribers, which gives reason to believe that the plaintiff is deliberately misleading the respected court by providing unverified false information.

The plaintiff claims that the defendants earned hundreds of thousands of dollars from the monetization of pirated videos, including Viral DRM videos, which also needs to be assessed critically since the plaintiff does not provide any data on the amount of income, which gives reason to believe that this is just speculation by the plaintiff.

Thus, according to the defendant, the plaintiff, by filing a lawsuit in which the accusations regarding copyright violations are exaggerated, is trying to eliminate competitors, since the works that the plaintiff creates are not interesting to the potential audience, as evidenced by the data on the number of views.

Viewers are interested in watching videos that contain music, commentary of the corresponding meaning, edited footage and other processing, and not in the form as presented in the plaintiff's works, which often do not even have sound or are filmed from a quadcopter that moves along a given trajectory, which puts The very concept of creativity is called into question.

I draw the attention of the respected court to the fact that in the case materials that the plaintiff attached to the summons and sent to the defendant, there is no evidence of the video fragments borrowed in the plaintiff's opinion. Moreover, everything that the plaintiff publishes on the website https://www.sriplaw.com/ is not available to the defendant for a free and full understanding of all the circumstances of the case, since they are provided in English, and not in the native language of the defendant.

This circumstance leads to unequal procedural rights of participants in the trial, the inability to timely and fully take part in court hearings and prove circumstances relevant to the consideration of a controversial case.

At the same time, the plaintiff knew and repeatedly indicated in his complaints that the defendants were from other countries.

Based on the above, the defendant asks the respected court:

1. Refuse the plaintiff's claims (Viral DRM) in full

2. Remove the ban on the disposal of funds and assets from Adsense which is associated with the "OpeN YouR EyeS" channel

3. Close case No.: 3:24-CV-00746-JSC against the defendant

Applications:

Texts of counter-notices submitted to the plaintiff on Youtube:

1. Hello YouTube Team! My name is: Yaroslav Lepetyuk. Email address vsegda.legkoiprosto@gmail.com. I believe it was a mistake to remove my video because my use of copyrighted material is governed by the fair use policy, which states that in some situations I may use copyrighted material without the permission of the copyright owner. The source material is based on generally known facts and is not a work. The borrowed section from 2:16 to 2:29 (13 seconds) in a video longer than 6 minutes is not a significant part of the original video and complies with section 107 of the Copyright Act. Using someone else's content without permission to create explainer videos, commentary, criticism, news, or education is considered fair use. The passage does not convey the main idea of the original work. The core idea of my work is completely different, and the content I used was not the focus of the original work and was used as visual material for another event that I was covering and commenting on. My videos contain details about disasters, as well as interesting content and historical events that enhance viewers' knowledge and enrich their time on YouTube. The videos I create are governed by YouTube's rules, which I strictly adhere to and have never violated. However, my channel got into trouble due to a copyright notice and you removed my video. I hope the incident was just an accidental mistake. I hereby certify that the statements I have made are correct and in accordance with YouTube policies. I take responsibility for my words. I hope the YouTube team reconsiders their decision.It is stated that the indication of incorrect decisions, I swear that in most cases the material in question was selected or removed, or found to have an incorrect meaning such that it can be achieved or removed.I am looking into the jurisdiction of the Federal District Court for this district to find my addresses, and also that I live outside the United States in a judicial district in which YouTube is located, and I am receiving a judicial recommendation at the insistence.

2. Hello YouTube Team! My name is: Yaroslav Lepetyuk. Email address vsegda.legkoiprosto@gmail.com. I believe that the removal of my video was wrong because my use of copyrighted material is protected by the fair use policy, which states that in some situations I can use copyrighted material without the permission of the copyright owner. The source material is based on generally known facts and is not fiction. The borrowed portion from 0:28 to 0:33 seconds is not a significant part of the original video and is considered fair under Section 107 of the Copyright Act. The passage does not convey the main idea of the original work. The main message of the original work was completely changed, and the content I used was not the focus of the original work. Using someone else's content without permission to create explainer videos and news stories is considered fair use. All my videos contain disaster details as well as interesting content and historical events to enhance viewers' knowledge and enrich their time spent on YouTube. The videos and content I create are subject to YouTube policies. I agree not to use copyrighted content belonging to certain individuals or organizations to make money. However, my channel got into trouble due to a copyright notice and you removed my video. I hope the incident was just a misunderstanding. I hereby certify that the statements I have made are correct and in accordance with applicable laws and regulations. I take responsibility for my words. I hope the YouTube team reconsiders their decision. An indication of poor judgment is alleged, I swear that in most cases the material in question was

selected or removed or found to have the wrong meaning such that it can be achieved or removed. I am looking into the jurisdiction of the Federal District Court for this district to find my addresses, and also that I live outside the United States in a judicial district in which YouTube is located, and I am receiving a judicial recommendation at the insistence.

3. Hello YouTube Team! My name is: Yaroslav Lepetyuk. Email address vsegda.legkoiprosto@gmail.com. I believe that the removal of my video was wrong because my use of copyrighted material is protected by the fair use policy, which states that in some situations I can use copyrighted material without the permission of the copyright owner. The source material is based on generally known facts and is not fiction. The borrowed portion from 0:27 to 0:43 seconds is not a significant part of the original video and is considered fair under Section 107 of the Copyright Act. The passage does not convey the main idea of the original work. The main message of the original work was completely changed, and the content I used was not the focus of the original work. Using someone else's content without permission to create explainer videos and news stories is considered fair use. All my videos contain disaster details as well as interesting content and historical events to enhance viewers' knowledge and enrich their time spent on YouTube. The videos and content I create are subject to YouTube policies. I agree not to use copyrighted content belonging to certain individuals or organizations to make money. However, my channel got into trouble due to a copyright notice and you removed my video. I hope the incident was just a misunderstanding. I hereby certify that the statements I have made are correct and in accordance with applicable laws and regulations. I take responsibility for my words. I hope the YouTube team reconsiders their decision. An indication of poor judgment is alleged, I swear that in most cases the material in question was selected or removed or found to have the wrong meaning such that it can be achieved or removed. I am subject to Federal District Court jurisdiction to determine my addresses, I live outside the United States in the judicial district in which YouTube is located, and I am receiving a judicial citation as a result of the call.

**A copy of the defendant's response to the plaintiff's Viral Drm Llc complaint with attachments was sent to the plaintiff.**

July 01, 2024                                                          **channel manager** "OpeN YouR EyeS" Yaroslav Lepetyuk