Matthew L. Rollin (SBN 332631)
**SRIPLAW, P.A.**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, California 90211
323.452.5600 – Telephone
561.404.4353 – Facsimile
matthew.rollin@sriplaw.com

*Counsel for Plaintiff*
*Viral DRM LLC*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| VIRAL DRM LLC, | CASE NO.: 3:24-cv-00746-JSC |
| Plaintiff, | **ADMINISTRATIVE MOTION TO FILE UNDER SEAL ADDITIONAL EXHIBITS TO ITS MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| YAROSLAV LEPETYUK, | The Honorable Jacqueline Scott Corley |
| Defendant. | |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT Plaintiff Viral DRM, LLC ("Viral DRM" or "Plaintiff") hereby requests this Court, for an order authorizing Viral DRM to file photographer assignments under seal to protect confidential and private information of both Viral DRM and the photographers.

This application will be based on this Notice of Application, Memorandum of Points and Authorities, and the Declaration of Matthew Rollin filed herewith.

DATED:  November 21, 2024          */s/ Matthew L. Rollin*
                                    MATTHEW L. ROLLIN
                                    **SRIPLAW, P.A.**
                                    Attorneys for Plaintiff Viral DRM LLC

SRIPLAW
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ INDIANA ♦ TENNESSEE ♦ NEW YORK

In accordance with Civil Local Rules 7-11 and 79-5, Plaintiff VIRAL DRM LLC ("Viral DRM"), by and through its undersigned counsel, submits this Administrative Motion to File Under Seal Additional Exhibits to its Motion for Default Judgment.

**STATEMENT OF FACTS**

1. Viral DRM filed its Motion for Default Judgment as to Defendant YARISKAV LEPETYUK ("Lepetyuk") on October 15, 2024 (ECF 36) and filed its Supplemental Information on October 31, 2024 (ECF 39).

2. At the hearing on the Motion held on November 6, 2024, Viral DRM was ordered to submit copies of the Assignments between each of the photographers and Viral DRM.

3. Parties seeking to seal documents must specify the "applicable legal standard and the reasons for keeping a document under seal" in favor of sealing the judicial record.

4. Viral DRM submits this Motion to File Under Seal on the grounds that the Assignments contain confidential information that should not be disclosed to the public.

5. These documents not only include private information between the Parties, but also contain confidential information to Viral DRM's business dealings.

**ARGUMENT**

Plaintiff seeks to seal documents relating to its business dealings, both as a company, and with its photographers. Compelling reasons may exist to prevent court documents from being used "'as sources of business information that might harm a litigant's competitive standing.'" *In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008) (*quoting Nixon v. Warner Comm'cns, Inc.*, 435 U.S. 589, 598 (1978)).

To protect the confidentiality and security of Viral DRM's business information and photographers' private information, Viral DRM respectfully requests the Court for Viral DRM to be allowed to file the agreements under seal. *See Baxter HealthCare Corp. v. Fresnius Medical Care Holdings, Inc*., No. 07-1359-PJH, 2009 WL 734097, at *2 (N.D. Cal. Mar. 18, 2009) (granting motion to seal documents containing information that was never publicly disseminated); *see also, Apple Inc. v. Samsung Elecs. Co., Ltd*., No. 11-01846, 2012 WL 3283478, at *7 (N.D. Cal. Aug. 9, 2012) (Disclosure of confidential terms and condition "could result in significant competitive harm

to the licensing parties as it would provide insight into the structure of their licensing deals, forcing them into an uneven bargaining position in future negotiations."); *see also Uniloc 2017 LLC v. Google LLC*, 508 F.Supp.3d 556, fn. 23 (Dec. 22, 2020) (granting the request to seal two exhibits depicting licensing information as "[p]ricing terms and confidential information are routinely sealed as materials that may be used to harass or harm a party's competitive standing.").

Viral DRM understands that a request to seal the entire document is extremely disfavored, however, given the sensitive nature of the entire document, Viral DRM requests the Court allow it to file the entire agreement under seal. *See* Local Rule 79-5(d)(2); *see also Skillz Platform, Inc. v. AviaGames, Inc.,* 2023. U.S. Dist. LEXIS 215608 (N.D. Cal. Dec. 4, 2023) (granting of request to seal the entire document as the document "contain[s] confidential business information, the release of which would cause a party competitive harm.").

Here, Viral DRM's agreements are confidential with its photographers, not only to protect Viral DRM's assets and terms, but also to protect the photographer's private information. The public release of these terms and information could harm both Viral DRM and its photographers.

## CONCLUSION

In view of the foregoing, Plaintiff respectfully requests this Court grant this motion and allow Viral DRM to file the assignments with its photographers under seal.

DATED: November 20, 2024                Respectfully submitted,

*/s/ Matthew L. Rollin*
MATTHEW L. ROLLIN
**SRIPLAW, P.A.**
*Counsel for Plaintiff Viral DRM LLC*